DECISION OF DISMISSAL
This matter is before the court on Plaintiff's Motion for Leave to File Amended Complaint (Motion), filed June 6, 2011.
 I. STATEMENT OF FACTS
Plaintiff filed its Complaint on April 26, 2011, challenging the real market value of property described as Account R336609, as determined by Order of the Multnomah County Board of Property Tax Appeals (BOPTA) for the 2010-11 tax year. (Ptf's Compl at 1.) Plaintiff's Complaint erroneously named the Clackamas County Assessor as Defendant. (Id.) The Clackamas County Assessor filed its Answer on May 26, 2011, stating, "[t]his account is not in Clackamas County, it is in Multnomah County." (Def's Answer at 1.) (Emphasis omitted.)
Plaintiff filed its Motion on June 6, 2011, stating, "[t]he [C]omplaint was filed against the wrong county, and needs to be amended to include the proper party." As of the date of this decision, the Multnomah County Assessor has not filed a response to Plaintiff's Motion. *Page 2 
 II. ANALYSIS
Plaintiff seeks to amend its Complaint to name the Multnomah County Assessor as Defendant. Tax Court Rule (TCR) 23[1] governs amended pleadings, stating in pertinent part:
 "A Amendments. A pleading may be amended by a party once as a matter of course any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Whenever an amended pleading is filed, it shall be served upon all parties who are not in default[.]
 "* * * * *
 "D How Amendment Made. When any pleading is amended before trial, mere clerical errors excepted, it shall be done by filing a new pleading, to be called the amended pleading, or by interlineation, deletion, or otherwise. Such amended pleading shall be complete in itself, without reference to the original or any preceding amended one.
 "D(2)(a) Except as provided in subsection D(2)(b), whenever a motion for leave to amend a pleading is submitted to the court, it must include, as an attached exhibit to the affidavit, the entire text of the proposed amended pleading. The text of the pleading must be formatted as required by this rule. Any material to be added to the pleading by the requested amendment must be inserted and set out in bold and underlined and any material to be deleted must be bracketed and italicized.
 "D(2)(b) If the motion to amend is for a pleading that was composed using preprinted forms that have been completed by filling in the blanks, the moving party may comply with this rule by making a copy of the filed pleading and inserting brackets around the material to be deleted and by interlineating and underlining the material to be inserted in the proposed amended pleading."
(Emphasis added). *Page 3 
Plaintiff's proposed Amended Complaint failed to conform to TCR 23 D(2)(a) by not identifying the deletion of the Clackamas County Assessor as Defendant, nor the addition of the Multnomah County Assessor as Defendant.
In further considering Plaintiff's Motion, the court is mindful of the directive that the preface to the Magistrate Division Rules states in part: "[a]ll pleadings shall be liberally construed with a view of substantial justice between the parties. Relief from application of these rules in an individual case may be given by a magistrate on good cause shown if necessaryto prevent hardship or injustice." (TCR-MD, Preface.) (Emphasis added.) Even if the court were to relieve Plaintiff of his non-compliance with TCR 23(D)2)(a), liberal construction of the pleadings does not include the addition of parties not previously named. ORS 305.501(4)(a)[2] addresses substantial justice, stating, in pertinent part, that:
 "Subject to the rules of practice and procedure established by the tax court, a magistrate is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice."
That statutory provision gives tax court magistrates wide latitude in conducting hearings to achieve substantial justice. However, ORS 305.501(4)(a) applies only to hearings and, furthermore, does not exclude the application of tax court "rules of * * * procedure[.]" This court is bound by its own rules of procedure, including TCR 23. Plaintiff here failed to meet the requirements of TCR 23 and has not alleged facts sufficient to establish "good cause * * * to prevent hardship or injustice." (TCR-MD, Preface.) Therefore, Plaintiff's Motion must be denied.
Because Plaintiff's Motion is denied, the court raises its own motion to dismiss. Plaintiff agrees that the Clackamas County Assessor is the "wrong county." (Ptf's Motion at 1.) Plaintiff *Page 4 
has not successfully named another defendant. If the Clackamas County Assessor is dismissed as Defendant, "there is no longer an action against a named party defendant" and Plaintiff's Complaint must be dismissed. Pickering v. Dept. of Rev., TC-MD No 070088C at 4 (May 22, 2007). Finding that Plaintiff failed to name the proper party as a defendant in this matter and that dismissal of the Clackamas County Assessor as Defendant would result in no action against a named party defendant, the court concludes that the Complaint must be dismissed.
 III. CONCLUSION
Plaintiff failed to name the Multnomah County Assessor as a defendant in this matter and failed to amend its Complaint to name the Multnomah County Assessor under TCR 23. Because the proper party has not been named as a defendant, the Complaint must be dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's Motion is denied; and
IT IS FURTHER DECIDED that Plaintiff's Complaint is dismissed.
Dated this ____ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon June 30, 2011. The Court filed and entered this documenton June 30, 2011.
[1] "If circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant." (TCR-MD, Preface.) The Magistrate Division looks to the Regular Division for guidance in resolving the issue of amended complaints.
[2] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1